**REMAND/MADE JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-248-GW(OPx) | | Date | April 2, 2012 |
|---|---|---|---|---|
| Title | *Diego Aguiniga v. Wells Fargo Bank National Association, et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING ACTION TO STATE COURT**

The Court is in receipt of a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Defendant") on February 17, 2012, pursuant to 28 U.S.C. § 1441(b). *See* Docket No. 1. Defendant asserts that this Court has subject matter jurisdiction over the matter solely on the basis of diversity jurisdiction. *Id.* at 2.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, Defendant bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Plaintiff is an individual citizen of California. *See* Docket No. 1 at 3. Defendant is a national banking association. *Id.* Although the Notice of Removal asserts that there is complete diversity, Defendant only alleges its citizenship based upon the location of its main office, citing to the Supreme Court's decision in *Wachovia Bank v. Schmidt*, 546 U.S. 303, 313-14 (2006), for the proposition that a national banking association's main office location is its only source of citizenship. *See* Docket No. 1 at 3 n.4. Defendant thus makes no allegations concerning the location of its principal place of business. However, contrary to Defendant' assertion that "courts have overwhelming decided... that Wells Fargo is a South Dakota citizen for purposes of diversity[,]" (*see* Docket No. 1 at 4 n.5), this Court recently joined many of its sister courts in holding that *Schmidt* left open the question of whether a national banking association is a citizen of the state of its principal place of business, in addition to the state of its

|   :   |
|---|
| Initials of Preparer   JG |

*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-248-GW(OPx) | Date | April 2, 2012 |
|---|---|---|---|
| Title | *Diego Aguiniga v. Wells Fargo Bank National Association, et al.* | | |

main office. *See Mojica v. Wells Fargo Bank, N.A., et al.*, CV12-01608-GW-AGR, Docket No. 12 at 2. Further, this Court held that in the absence of contrary controlling authority, the principal place of business of a national banking association does give rise to citizenship for jurisdictional purposes. *Id.* at 2 (listing cases holding that a national banking association has the dual citizenship of its main office location and its principal place of business).

The Court notes that many recent cases have found that Wells Fargo's principal place of business is California, which fact has not been disputed by Wells Fargo in other litigation in which this issue has arisen, including *Mojica*. *See id.* (listing cases where Wells Fargo has stipulated or the Court has found that its principal place of business is California). Defendant, who bears the burden of proving that subject matter jurisdiction exists, has not included any allegations that its principal place of business is anywhere other than California; given the aforementioned caselaw and the fact that Plaintiff is a California citizen, the Court finds that the parties in this case are not diverse. In addition, given that Defendant Wells Fargo is a citizen of California, the forum state, Wells Fargo cannot properly remove the case from state court. *See* 28 U.S.C. § 1441(b).[1]

Thus, the Court finds that Wells Fargo's allegations in its notice of removal are insufficient to establish the Court's removal jurisdiction by virtue of diversity jurisdiction, and Defendant has failed to meet its burden of showing that subject matter jurisdiction exists.

The Court hereby remands this action to the Superior Court of Riverside County. The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

---

[1] The Court notes that named defendant NDEX West, LLC, has filed a declaration of nonmonetary status, and thus its citizenship is disregarded for jurisdictional purposes. Moreover, regardless of the citizenship of NDEX West, LLC, complete diversity amongst the parties is required and lacking. *See* 28 U.S.C. § 1332

:

Initials of Preparer   JG